# Merritt *et al. v.* Morris, Adm'r, Etc.

*Bill in Equity for Rescission of Contract.*

[Decided Feb. 13th, 1902.]

1. *Rescission of contract for fraud not granted when alleged fraudulent representation did not induce the making of the contract.*—Where a bill is filed to rescind, for fraud, a contract whereby complainant purchased certain stock in a corporation, and when said purchase was made one of the controlling owners and stockholders of the corporation represented to complainant that the company owed only about two hundred dollars, and said nothing about a debt of about four thousand dollars to himself, of which complainant knew, said representation cannot be said to have induced complainant to enter into the contract, and will not authorize its rescission.

2. *Corporation; purchase of plant and tangible property of, effect of.*—The purchase of the plant and tangible property of a corporation does not make the purchaser the company or the holder of its stock, or liable, directly or indirectly, for its debts.

[Merritt *et al.* v. Morris, Adm'r. Etc.]

3. *Corporation; purchase of stock in, with knowledge of corporate debts, effect of.*—A purchaser of stock in a corporation, with knowledge on the part of the purchaser that the corporation is largely indebted to one of its officers and stockholders, must be held to have known that the interest thus acquired was not free from charge on account of said debt; and his mistake in assuming the contrary will not authorize a rescission of the contract.

APPEAL from Chilton Chancery Court.

Heard before Hon. RICHARD B. KELLY.

The bill was filed by Rudolph Ehrman against William H. Merritt and M. J. Bond, who owned all the stock in the Merritt & Bond Lumber Company, a corporation, and sought the rescission of a contract whereby complainant purchased one-half of the stock in said corporation, on account of alleged fraudulent representations inducing the purchase. The equity of the bill and its averments are shown by the report of the case on a former appeal, 116 Ala. 278. Upon submission on pleadings and proof the chancellor rendered a decree granting complainant the relief prayed, and defendants appeal. The opinion shows the material facts upon which it is based. Pending the appeal, Ehrman died, and the cause was revived against Morris, his administrator.

GUNTER & GUNTER, for appellants.

W. R. HOUGHTON, SAM WILL JOHN and WILLIAM A. COLLIER, for appellee.

McCLELLAN, C. J.—The equity of this bill and the sufficiency of its averments to support the relief prayed were settled on the appeal from a decree on demurrer. *Merritt et al. v. Ehrman*, 116 Ala. 278.

This appeal is from a final decree for complainant on pleadings and proof. The evidence has been read at length *en banc* and carefully weighed and considered. From it we are reasonably satisfied that the complainant had knowledge of the debt owing by the Merritt-Bond Lumber Co. to Merritt in February, 1896, when the original sale of the property of that company was

made to him and also in May, 1896, when that sale was
cancelled and one-half the stock of the company was
sold to him either as a new and independent transac-
tion or as substitutionary and in consideration of the
cancellation of the first sale, and of consequence that
he was not and could not in a legal sense have been
induced by the alleged representation of Merritt that
the company owed only about two hundred dollars to
enter into either of said transactions. We reach the
further conclusion that the statement made by Mer-
ritt to Colonel John in the presence of Ehrman that the
company owed not more than two hundred dollars had
reference to its debts other than that of four of five
thousand dollars to Merritt himself, that Merritt prop-
erly assumed that Ehrman would so understand it and
that the latter did so understand it knowing as he did
of the existence of this debt to Merritt. That Colonel
John may have been misled by this statement is of no
consequence as he was not acting as the agent of Ehr-
man to make the trade, but merely as his attorney to
advise him as to the form of the transaction and to
draw up the papers evidencing it, the trade itself hav-
ing been made by Ehrman in person. In and by the con-
tract of February, 1896, Ehrman purchased the plant
and other tangible property of the Lumber Co. and not
the shares of its capital stock or any of them. Of
course in such a deal it was immaterial to Ehrman, at
least as between him and the company and Merritt
and Bond the stockholders of the company, whether
the company owed Merritt or not since Ehrman did not
by that form of transaction become the company or the
holder of its stock or liable directly or indirectly for the
debt due to Merritt; and, moreover, it is shown that
Merritt or Merritt and Bond assumed the payment of
that debt for the company, an act of supererogation since
without such assumption the debt continued to be the
debt of the company and not chargeable in any sense
upon Ehrman or upon the property he had purchased
from the company. Now it seems probable that when
that transaction of February was cancelled and the new
contract of May was entered into whereby Ehrman sur-
rendered the property of the company which he had

originally purchased, and then purchased one-half of the *shares in the company's capital stock,* he still assumed that the interest he thus acquired was free from charge on account of Merritt's debt against the corporation, and acted upon that assumption. This assumption was obviously gratuituous and mistaken. But knowing of Merritt's claim and being held to a knowledge of the law, he must be further held to have known at the time of the last transaction that the company in which he had purchased an interest was liable for Merritt's debt. And it cannot be said that such mistake on his part gave him any cause of action for rescission or otherwise against the Lumber Company or Merritt, or Merritt and Bond. So that our conclusion is that the case made by the bill has not been proved. The decree granting complainant relief will be reversed, and a decree will be here entered denying relief and dismissing the bill.

Reversed and rendered.